Can we call the next case? 314-193 Joliet Public Grade School District No. 86 v. Kimberlin, S.C. Good morning, Your Honors. Good morning. May it please the Court, Counsel. My name is Tom Crowley, here representing the Joliet Public Grade School District No. 86 in this appeal. We're here on a couple of different issues that came up during the pendency of this case. The case was initially heard in circuit court on review by the petitioner's attorney back in 2011. In that order, the circuit court remanded the case back to the Commission to consider the applicability of the fee schedule related to the petitioner's surgery of October 2008. The original 8A petition before the Commission, when that 8A was tried on March 15, 2010, in an order issued February 24, 2011, the Commission relied on the Tower Automotive case and said the respondent is liable for the bills, it's causally related, her surgery was causally related to the initial injury. But the bills were paid, the $226,000 in medical bills were paid by a third party in the amount of $38,511. That is the amount that the respondent is liable for as it relates to this treatment. The petitioner's attorney reviewed that order of the Commission and went up to the circuit court. The circuit court in Will County reversed and remanded, as I said earlier, for consideration of the applicability of the fee schedule to those charges and also consideration of TTD and out-of-pocket medical expenses. I think we're pretty familiar with the history. Getting to the crux of this, we have this December 2012 Commission issuing its second decision awarding TTD benefits, right? Correct. Did either party seek review of that order, quite candidly, within the 20-day timeframe required by the Act? I don't believe either party sought review of that order. How can you take it under the guise of the August 13 decision? Well, the August 13 decision that awarded penalties, I think there's a couple different bases to provide jurisdiction and attack the orders of the Commission. First of all, the circuit court, when we reviewed the August 2013 order, reopened the prior 2011 MR case in Will County. And when she consolidated, when the judge consolidated the 2013 MR case with the 2011 case, she reopened that case. Well, wait a minute. The law is very clear. The Commission's decision, a Commission's decision becomes conclusive as to matters addressed therein and not subject to attack after the timeframe runs, correct? That's the general rule. Generally, correct. So now you're saying there's some weird exception that happened here? Well, there's a couple exceptions, I believe. Because she reopened the 2000 MR case, she brings those issues back in to the present case by consolidating and reopening that case. Well, wait a minute. Hold on a second. Even though the 2012 decisions were final because no one bothered to seek a review of them, you're somehow suggesting that she can reopen them? Where'd she get that jurisdiction? Well, that is... Where'd she get that in part? I don't know that she had the jurisdiction to reopen the prior 2000 cases. The whole argument challenging the Commission's August 2013 decision is based on the argument that their previous orders were erroneous. That's correct. As a matter of law, which are subject to attack at any time... No, no, no. Void orders are subject to attack at any time, not erroneous. There's a difference. There's a big difference. Void and voidable are two different words. If a court has jurisdiction to enter an order, then it has jurisdiction to enter an erroneous order. If a court lacks jurisdiction at all, yes, then you can attack at any time. Is there any suggestion that the Commission didn't have jurisdiction to enter its 2012 decision? I don't believe there's any basis to say that the Commission didn't have jurisdiction. Okay. Because the case was remanded. However, the Commission didn't follow the mandate of the Circuit Court on remand. We understand, but it doesn't make the order void. It only makes it wrong. Did somebody appeal that? I don't believe anybody appealed that order. Look at the big picture here. You have an erroneous order, completely wrong as a matter of law. According to you, you could wait 20 years and go back in the court and say, this was a bad decision, therefore we have the right to attack it. Can you see the problem with that? I can't. I can't understand the problem with that. It's a problem for an analytic to attack a bad decision. Right? You can't bootstrap that. He's right. Clearly, a wrong decision, however wrong, can never be equated with a lack of jurisdiction. The two of them are not even remotely similar. Well, you know, I... Where does that leave the argument? Well, I believe that there is arguments for jurisdiction, like I said in my brief, that the commission didn't follow the directions of the circuit court. They didn't calculate the amount of medical charges that were due. That has intuitive appeal. But do you have any case law that says that's the equivalent to a lack of jurisdiction giving you the right to reopen the case? They didn't follow the circuit court's direction. Well, that makes the underlying order not final and appealable. Why not? Why not? Because on remand, the commission didn't follow the mandates of the circuit court. They didn't decide all the issues until the December 2012 order. But they did enter a final decision. Well, in the December of 2012 order, they finally addressed the TTD issue, but they still never calculated the amount of medical charges. So why didn't somebody take an appeal? You're saying that we didn't – obviously they didn't follow the remand order, and so nobody does anything about it, right? Well, that, I suppose, is correct. Then a penalty petition followed, and we went before the commission on that. And the penalties were awarded by the commission on the late payment, repayment of the third-party lien, and then the award of TTD that was made directly to the petitioner. Rather than us hitting you with the questions, tell us succinctly how you get around the fact that nobody appealed the 2012 order. How do you get around that fact that gives the court jurisdiction? The only answer I would have – Well, I think that the case law says that circuit courts retain jurisdiction of agency decisions after they're remanded. So she had jurisdiction after the remand, when we finally went back up to the circuit court after the penalties order. And therefore, because she did have jurisdiction on remand, I think that that order,  the 2013 MR case consolidated with the 2011, and the 2011 MR order originally, are subject to review in this court. And, again – That's your theory. You're sticking to it. The underlying issue in the case is whether the respondent is liable for the fee schedule amount of the medical charges, despite the fact that they were already paid at the time of the 8A hearing. The evidence was submitted as to what the third party paid, and TOR Automotive clearly says that's the burden of the respondent to pay what was paid and accepted by the providers. The petitioner's burden under Section 8A is alleviated by the respondent paying that amount, and any award in excess of the amount accepted by the providers would result in an exorbitant windfall in this case. There's been no evidence that any of the providers have sought any additional money or additional payment of those medical charges in the record, and I believe that counsel's argument that somehow TOR Automotive doesn't apply in this case because the surgery took place after the imposition of the fee schedule is misplaced. It's pretty square with TOR Automotive in that we had an accident that took place before the fee schedule, treatment both before and after the fee schedule, and payment of those medical charges.  the fee schedule and payment of those medical charges. And the TOR court clearly held that the collateral source rule was not applicable in workers' compensation cases based on the fact that there is no real tort fees or to take advantage of the contract or relationship between the payer and the healthcare provider. And so I think TOR Automotive would apply, which I believe this Court should reach that issue because that's the crux of the whole matter. And I... If we agree with your argument on jurisdiction. If you agree with my argument on jurisdiction, I believe that TOR Automotive case is applicable here, and the commission decision in March of 2012 was incorrect as a matter of law, thereby the 2011, I'm sorry, initially the 2011 order of the circuit court was incorrect as a matter of law. It sent the case back to the commission for consideration of the applicability of the fee schedule. There's no question the fee schedule applies to the medical expenses and finds what's reasonable and necessary in the amount of the charges. That's a distinct issue from the collateral source rule that really should have been addressed by the circuit court here, should have been addressed by the commission. They didn't see it that way. That's what the issue is, whether the respondent has to pay the fee schedule amount of the $226,000 or the plain language of the act is satisfied as stated in TOR Automotive by the respondent repaying the third-party amount of $38,511. And so notwithstanding the concerns on jurisdiction, I think that needs to be decided because we're going to... Notwithstanding those minor concerns, right? Well, it's... And I didn't address it here, I did address it in the court below, but it is an issue that's capable of repetition and not evading review. We're not talking about the boot and stock in here. I'm sorry? We're not talking about the boot and stock in here. Just because it's capable of repetition, that doesn't mean we can seize jurisdiction over something that there isn't jurisdiction over. Well, if this court doesn't decide that issue or doesn't reach that issue, we're still at the same position we were at in 2012 where we have this commission order that is erroneous. And then what do we do? Nobody appealed, so pay it. Well, then we... I mean, that's... Then Section 19G, you have a circuit court and try to enforce a judgment, but there's no number of the medical charges that can be enforced. There's no... But that right now is not your problem. That's going to be somebody else's problem. If they try and enforce a judgment that no one can figure out how much it is because they're not going to get a judgment for who knows what. Somebody's going to have to prove how much is owed. But the fact of the matter is, if there... It was no jurisdiction to review that original order. If that jurisdiction was absent, we can't go to this issue you want us to address. Because you want to go all the way back to that first order that nobody appealed. Well, I... For the arguments in my brief and the state of the order today, I believe that there was I think we understand your argument. Obviously, we'll review it. We understand. I would respectfully request, then, this Court reverse those orders of the Commission and the circuit court, finding no jurisdiction, and reaffirm the Commission order originally under 8A that non-respondent liable for the amount of the third-party payer benefit bills only. Thank you. Counsel, thank you. Counsel? Good morning, Justice. Mr. Crowley, may it please the Court. This is the second time... Who are you? Who are you? John Tira. Thank you. This is the second time this case is before this panel. You issued a Rule 23 decision in 2006, I believe. I believe that the employer argues that the decision from the circuit court in 11MR 246 to the Commission was not a final appealable order because it was not specified what the dollar amount that the award would be. It awarded it to the check and see if the fee schedule applied, and then when it came back, they did. Medical bills are part of compensation pursuant to Section 8A of the Act and are due and payable to the petitioner employee. They didn't do that in this case. You've got to get to our original issue. What about the jurisdictional question? If there's no jurisdiction. Well, if there's no jurisdiction, we can't answer the question. I understand you don't want to render advisory opinions. We don't, no. But there's tons of cases whose duty is it to form these calculations as to medical bills. The problem that you're going to have is this. If we agree with the circuit court that they totally left jurisdiction to review the Proprietary Commission's decision on remand because nobody saw a review of it, now you've got a problem because if you try and go on a 19G, the circuit court can't give you a judgment if it doesn't know the number. How is the court supposed to determine the number? That's your problem, as you recognize. How does the court do that? I mean, that's the problem I have. And we can't seize jurisdiction just because we'd like to. I understand that. We can't do anything. And if the circuit court was correct in determining that she left jurisdiction, then the only thing we can do is agree with her and say, okay, no jurisdiction. And therefore, we can't reach the contentions relating to, you know, how much is owed. I don't know what the remedy is here. And it's a very strange set of circumstances. How do you determine the number? Well, you in Springfield Urban Decision said it's up to the respondent to figure out what the bills should be on the fee schedule. Well, I mean, I suppose the other question becomes, you can go back to the commission and suggest that someone didn't pay a commission order for payment, and the commission, I suppose, can interpret its original order to determine how much is owed. But the other question is, you only get back there on a petition for penalties under 19K or fees under 16. And I suppose then you get into the question is, was it really vexatious when there's a legitimate dispute as to how much money is owed? I don't know if that's the commission's job to do, but is that what you do before you do a 19G? Well, it's not in the record. And Mr. Crowley wasn't representing him at the time. He personally, his firm was. There was a hearing before the commission. And DeRent said, you don't expect me to calculate them. So it's like a ping-pong ball back and forth. Yeah, it is. It is. But you're agreeing we have no jurisdiction, right? Unless you decide that he gets jurisdiction because he reopened the case. Well, I don't know. How do you reopen a case? I don't know. I mean, where does a circuit court get jurisdiction to reopen a case? 10 years later, 20 years later, what's the limit? He reopened it? Did the circuit judge reopen the case because all the facts for this 8A petition were in the other case? Yeah, but jurisdiction you either have or you just don't. There's no reopening the case. I mean, she can consolidate records. That she doesn't have a problem doing. I mean, she can say, you know, I need the record from the prior case. I'm going to consolidate the record. But that doesn't mean you're opening up the decision. It's a problem. No question about it. It's a real problem. Well, we don't want to cut short your argument. Are you now saying that we have jurisdiction? I thought you said we don't have jurisdiction. You don't have jurisdiction. Okay.   Rebuttal? Let me just say, I'm not going to say anything. Let me guess. You're going to say that we have jurisdiction. Thank you. Why did I get that impression? Well, I understand the concerns about jurisdiction. I understood below the problem with quote-unquote reopening the 2011 MR case. But she didn't consolidate the record. She reopened that case, bringing that decision and the subsequent commission decisions on remand back before her. Why did she reopen a final order after the time period has run out? On what theory? Well. You seem to be saying, carry your point out to its logical extension. That would allow a party, then, to confer jurisdiction on the court. That's what you're saying. If they decide to come into court a year or two later and reopen a case, they confer jurisdiction on the court. How can they do that? I don't have an answer to that question. And the judge decided that that's what she was going to do and granted the motion to consolidate and reopen the case, which, to me, says that all the 2011 MR decision and the subsequent commission proceedings are now back in circuit court subject to review. Unless the judge is wrong and there's no basis to reopen it. But I think we understand your arguments. And, again, we're not trying to be difficult with either one of you. But jurisdiction is one of those things that, by the specific and unyielding and finite as any doctrine in the law, there are no exceptions. You have it or you don't. I would agree. And as I stated earlier, I would argue that there is jurisdiction here based on those cases. And we'll take a look at it. Thank you for your time today. Counsel's thinking. The matter will be taken under advisement and a written decision will follow. The court stands adjourned.